**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:18-CR-88 RLW |
| | ) | |
| ANTHONEY A. TUCKER, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>MEMORANDUM AND ORDER</u>**

This matter is before the Court on self-represented Defendant Anthoney A. Tucker's "Motion for Reconsideration and in the Alternative Motion for Nunc Pro Tunc Adjudication of Federal Sentencing Application Pursuant to 18 U.S.C. § 3582 In Light of the Interstate Agreement on Detainers Act 18 U.S.C. App. 2&1 and the Speedy Trial Act 18 U.S.C. 3161" (ECF No. 55). The body of the Motion refers to 18 U.S.C. § 3585(b) and concerns "miscalculation of completed sentencing" and "credit for prior custody." (<u>Id.</u> at 1.)  The Motion's request for relief asks the Court to "grant all credit for prior custody." (<u>Id.</u> at 3.)

The Court previously addressed Defendant's request to grant credit for prior custody in its Memorandum and Order of June 1, 2021 (ECF No. 50).  As stated in that Memorandum and Order, this Court lacks jurisdiction to address Defendant's motion as questions concerning credit for time served pursuant to 18 U.S.C. § 3585 are exclusively within the jurisdiction of the Federal Bureau of Prisons.  The Attorney General of the United States, acting through the Bureau of Prisons, must make initial sentence credit decisions under 18 U.S.C. § 3585(b).  <u>See</u> <u>United States v. Wilson</u>, 503 U.S. 329, 333-34 (1992); <u>United States v. Pardue</u>, 363 F.3d 695, 699 (8th Cir. 2004).  A district

court cannot apply § 3585(b) when sentencing, because computing "the credit must occur after the defendant begins his sentence." United States v. Wilson, 503 U.S. 329, 333 (1992).

An inmate's claim seeking credit for time served must first be presented to the Bureau of Prisons. Pardue, 363 F.3d at 699. Administrative procedures exist within the Bureau of Prisons to review its alleged failure to credit the time an inmate has served, see id., and Defendant may want to start by asking his case manager. A habeas action under 28 U.S.C. § 2241 is the proper way to challenge a failure to credit a defendant for time served in pretrial detention, but such an action can be brought only after administrative remedies have been exhausted by presenting the claim to the Bureau of Prisons. United States v. Chappel, 208 F.3d 1069, 1069 (8th Cir. 2000). Once administrative remedies have been exhausted, any such action must be filed against the inmate's custodian in the judicial district of incarceration, not the district of sentencing. See Matheny v. Morrison, 307 F.3d 709, 711-12 (8th Cir. 2002). Defendant Tucker is incarcerated at FCI Pekin in Pekin, Illinois, so any such action must be filed in the United States District Court for the Central District of Illinois.

Defendant's Motion does not indicate he has presented his claim to the Bureau of Prisons. As stated above, once he has done so, if Defendant does not obtain the relief he seeks, he must file a habeas action under 28 U.S.C. § 2241 in the U.S. District Court for the Central District of Illinois, or in the district court where he is incarcerated at the time. Although this Court sentenced Defendant, it cannot provide him any relief with respect to credit for time served or calculation of his sentence.

This Court lacks jurisdiction over Defendant's Motion seeking credit for time served, and the Motion must be denied without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Anthoney A. Tucker's "Motion for Reconsideration and in the Alternative Motion for Nunc Pro Tunc Adjudication of Federal Sentencing Application Pursuant to 18 U.S.C. § 3582 In Light of the Interstate Agreement on Detainers Act 18 U.S.C. App. 2&1 and the Speedy Trial Act 18 U.S.C. 3161" (ECF No. 55) is **DENIED without prejudice for lack of jurisdiction**.

**IT IS FURTHER ORDERED** that any future motion filed by Defendant Tucker in this Court concerning credit for time served will be summarily denied.

_Ronnie L. White_
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 19th day of August, 2021.